IN THE SUPERIOR COURT
OF THE VIRGIN ISLANDS



**FILED**

March 12, 2020

TAMARA CHARLES
CLERK OF THE COURT

**IN THE SUPERIOR COURT OF THE VIRGIN ISLANDS
DIVISION OF ST. THOMAS AND ST. JOHN**

| | |
|---|---|
| **INA POLLINS, individually,** | ) CASE NO. ST-18-CV-060 |
| | ) |
| Plaintiff, | ) ACTION FOR LEGAL MALPRACTICE, |
| vs. | ) GROSS NEGLIGENCE, BREACH OF |
| | ) FIDUCIARY DUTY, UNJUST |
| | ) ENRICHMENT, CONVERSION, |
| **ALAN FEUERSTEIN, Individually,** | ) TORTIOUS INTERFERENCE, THIRD |
| **FEUERSTEIN & SMITH, LLP, and** | ) PARTY BENEFICIARY, AND |
| **FEUERSTEIN & ASSOCIATES LAW** | ) CONSTRUCTIVE TRUST |
| **OFFICES, PLLC,** | ) |
| Defendants. | ) JURY TRIAL DEMANDED |

Cite as: 2020 VI Super 38U

## MEMORANDUM OPINION AND ORDER

¶1 Pending before the Court are:

(1) Defendants' Motion to Recuse and Disqualify Plaintiff's Counsel, Dismiss the Plaintiff's Complaint and Quash Service, Dismiss for Lack of Jurisdiction, Failure to State a Claim upon Which Relief May be Granted, and the Failure to Join Required Parties, and Other Specified Relief (hereinafter referred to as Defendants' Motion to Dismiss) filed on November 26, 2018.

(2) Plaintiff's Opposition to Defendants' Motion to Dismiss filed on January 19, 2019; and

(3) Defendants' Reply to Plaintiff's Opposition to Defendants' Motion for Dismissal filed on January 29, 2019.

¶2 Unfortunately, the Defendants have combined unrelated requests as a single motion. This memorandum opinion only addresses the Motion to Dismiss for Lack of Jurisdiction. Having considered the motions and arguments therein, the Court will grant Defendants' Motion to Recuse and Disqualify Plaintiff's Counsel, Dismiss the Plaintiff's Complaint and Quash Service, Dismiss for Lack of Jurisdiction, Failure to State a Claim Upon Which Relief May Be Granted, and The Failure to Join Required Parties, and Other Specified Relief only as it pertains to the Motion to Dismiss for Lack of Jurisdiction.

## FACTUAL AND PROCEDURAL HISTORY

¶3 Plaintiff Ina Pollins' father, Newton Weiss, passed away on February 10, 2016, leaving a Trust with assets that were to be invested and distributed by Alan R. Feuerstein as Successor Trustee. Pollins filed her Complaint on February 9, 2018, alleging Feuerstein mismanaged Trust funds and failed to create a Charitable Trust. On May 22, 2018, Pollins filed a motion for extension

of time to serve summons, which was granted on May 29, 2018. On July 31, 2018, an Affidavit of Service of Summons was filed describing service on a "suitable person," by the name of "Jane Doe." Pollins filed an Amended Complaint and Jury Demand, adding Feuerstein & Associates Law Offices, PLLC on August 30, 2018. She then filed a second motion for extension of time to serve on September 6, 2018, which was granted on September 7, 2018. Pollins filed a Motion for Entry of Default on November 14, 2018, stating that she had successfully served Feuerstein who had failed to answer or respond to the Complaint.

¶4 Feuerstein filed a Motion to Dismiss Plaintiff's Complaint, Quash Service of Process, Recusal and Disqualification of Plaintiff's Counsel, Strike Inflammatory and false Allegations, For Sanctions Against Attorney Karin Bentz and Plaintiff Ina Pollins and Additional Relief on November 26, 2018. On November 27, 2018, the Court granted Pollins' Motion for Entry of Default as it pertained to Defendant Alan Feuerstein but denied it regarding the two law firms. Feuerstein filed a Motion for Reconsideration on December 10, 2018 regarding the default entry because the Court did not consider its Motion to Dismiss filed prior to the entry of default. After a series of motions and oppositions filed by the parties in the subsequent months regarding the entry of default, the motion to reconsider, as well as requests for sanctions, protective order, and quashing a subpoena, the Court granted the Defendant's Motion for Reconsideration on June 4, 2019, acknowledging the requisite consideration of Feuerstein's Motion to Dismiss.

## ANALYSIS

¶5 Personal jurisdiction is the authority of a court to exercise authority over a party before it.[1] A defendant may challenge a court's exercise of personal jurisdiction in a pre-answer motion under Virgin Islands Rule of Civil Procedure 12(b)(2).[2] The plaintiff bears the ultimate responsibility to prove by a preponderance of the evidence that the trial court may exercise personal jurisdiction over the out-of-state defendant.[3] If the trial court does not hold an evidentiary hearing to determine the motion to dismiss based on personal jurisdiction, the plaintiff is only required to establish a prima facie case for personal jurisdiction.[4] When the Superior Court makes that prima facie determination, it must accept as true all of plaintiff's factual allegations that are supported by affidavits or other competent evidence which would be admissible at trial and must resolve all factual disputes in the plaintiff's favor.[5]

¶6 The Virgin Islands has a two-part test for a court to exercise personal jurisdiction.[6] First, the plaintiff must show that there is a prima facie case for personal jurisdiction over the defendant under the Virgin Islands long arm statute, codified at title 5, section 4903 of the Virgin Islands

---

[1] *See Molloy v. Independence Blue Cross*, 56 V.I. 155, 172 (V.I. 2012) (citing *Black's Law Dictionary* 930 (9th ed.2009)) (referencing the Federal Rule of Civil Procedure 12(b)(2) which is identical to the Virgin Islands Rule of Civil Procedure 12(b)(2), and therefore instructive).

[2] *See id.*

[3] *See id.* (citing *Unlimited Holdings, Inc. v. Bertram Yacht, Inc.*, 49 V.I. 1002, 1006 (D.V.I. 2008)).

[4] *See id.* (citing *O'Conor v. Sandy Lane Hotel Co.*, 496 F.3d 312, 316 (3d Cir. 2007)).

[5] *See id.* (citing *Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009)).

[6] *See id.* (citing *In re Najawicz*, 52 V.I. 311, 336 (V.I. 2009)).

Code.[7] Second, the plaintiff must make a prima facie showing that the defendant's due process rights would not be violated by being hauled into court in the Virgin Islands.[8]

¶7 The Virgin Islands long arm statute specifies several bases for exercising personal jurisdiction over an out-of-state individual, or corporation, in the Virgin Islands:

(a) A court may exercise personal jurisdiction over a person, who acts directly or by an agent, as to a claim for relief arising from the person's:
(1) Transacting any business in this territory;
(2) Contracting to supply services or things in this territory;
(3) Causing tortious injury by an act or omission in this territory;
(4) Causing tortious injury in this territory by an act or omission outside this territory if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this territory;
(5) Having an interest in, using, or possessing real property in this territory; or
(6) Contracting to insure any persons, property, or risk located within this territory at the time of contracting.
(7) Causing a woman to conceive a child, or conceiving or giving birth to a child; or
(8) Abandoning a minor in this Territory.[9]

¶8 To state a prima facie case of personal jurisdiction in the Territory, the plaintiff must establish with reasonable particularity that the Defendant's activity as alleged by the plaintiff falls within the provisions of the Virgin Islands long-arm statute and that the requirements of due process are satisfied.[10]

¶9 In the Court's November 27, 2018 Order granting Pollins' motion for default, the Court noted its assumption that the exercise of personal jurisdiction over Feuerstein is proper, acknowledging that Feuerstein is not precluded from challenging the exercise of personal jurisdiction at a later time. Feuerstein's Motion to Dismiss does indeed raise the issue of personal jurisdiction, stating that Pollins is a resident of Nevada and Feuerstein is a resident of Florida and administers all trust activity in Florida.[11] Furthermore, Feuerstein lays out in his motion the legal standard for addressing personal jurisdiction, which requires the plaintiff to make a prima facie showing of personal jurisdiction by establishing jurisdictional facts through sworn affidavits or other competent evidence.[12]

---

[7] *See id.*
[8] *See id.*
[9] 5 V.I.C. § 4903.
[10] *See Mellon Bank (East) PSFS, Nat. Ass'n v. Farino*, 960 F.2d 1217, 1223 (3d Cir. 1992).
[11] *See* Def.'s Mot. to Recuse and Disqualify Plaintiff's Counsel, Dismiss the Plaintiff's Complaint and Quash Service, Dismiss for lack of Jurisdiction, Failure to State a Claim Upon Which Relief May be Granted, and The failure to Join Required Parties, and Other Specified Relief, at 19.
[12] *See id.* at 20.

¶10   When Pollins filed her Opposition to the Motion to Dismiss on January 16, 2019, she attempted, but failed, to satisfactorily address the issue of personal jurisdiction: Pollins plead that the assets of the Trust are held in bank accounts in the Virgin Islands and that the Defendants conduct business and actively engage in litigation in the Virgin Islands.[13] Pollins argues that it is irrelevant that Feuerstein does not physically live or work in the Virgin Islands, and emphasizes that he has created continuing obligations between himself and residents of the forum.[14] However, Pollins does not attach any affidavits or other competent evidence to her opposition to support her pleading. Pollins attached copies of her Verified Complaint and Jury Demand, Motion for Extension of Time to Serve Summons, the Court's Order granting the extension, Affidavit of Service, and Defendants' Motion to Dismiss and attachments.

¶11   When the Superior Court makes its prima facie determination, it must accept as true all of plaintiff's factual allegations that are supported by affidavits or other competent evidence which would be admissible at trial and must resolve all factual disputes in the plaintiff's favor.[15] The burden of demonstrating the facts that establish personal jurisdiction falls on the plaintiff, and once a defendant has raised a jurisdictional defense, the plaintiff must prove by affidavits or other competent evidence that jurisdiction is proper.[16] While Pollins attempted to address personal jurisdiction in her opposition, seemingly invoking section (a)(1) and/or (a)(2) of the long arm statute (Pollins does not specify the long arm statute in her pleading), she did not attach any affidavits or other competent evidence to support her assertions. Furthermore, Feuerstein highlights this inadequate response to the raised issue of personal jurisdiction in his reply to Plaintiff's opposition filed on January 29, 2019.[17]

¶12   The standard for addressing personal jurisdiction is clear: the plaintiff bears the burden of establishing that the Court has personal jurisdiction and subject-matter jurisdiction over the dispute.[18] Once the defense has been raised, then the plaintiff must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence…. [A]t no point may a plaintiff rely on the bare pleadings alone in order to withstand a defendant's Rule 12(b)(2) motion to dismiss for lack of in personam jurisdiction.[19] Once the motion is made, plaintiff must respond with actual proofs, not mere allegations.[20] Since Feuerstein filed his reply to Pollins' opposition on January 29, 2019, Pollins has not filed with the Court or supplied any affidavits or other competent evidence to support her allegations that the assets of the Trust are held in bank accounts in the Virgin Islands, or that the Defendants conduct business and actively engage in litigation in the Virgin Islands. Despite the relatively low standard set for plaintiffs to establish a prima facie case supported by affidavits or competent evidence, which would then require the Court to accept as true the plaintiff's supported assertions, the Court does not find it

---

[13] *See* Pl.'s Opposition to Defendant's Mot. to Dismiss, at 12-13.
[14] *See id.* at 13.
[15] *See Metcalfe v. Renaissance Marine, Inc.*, 566 F.3d 324, 330 (3d Cir. 2009).
[16] *See id.* (citing Dayhoff Inc. v. H.J. Heinz Co., 86 F.3d 1287, 1302 (3d Cir. 1996).
[17] *See* Def.'s Reply to Plaintiff's Opposition to Defendants' Motions for Dismissal, to Quash Service of Process, Recusal and Disqualification of Plaintiff's Counsel, to Strike Inflammatory and false Allegations, and for Sanctions and Other Relief, at 3.
[18] *See Time Share Vacation Club v. Atlantic Resorts, Ltd.*, 735 F.2d 61, 66 (3d Cir. 1984).
[19] *See id.* at 66 n.9.
[20] *See id.*

has personal jurisdiction, and must grant Defendant's 12(b)(2) Motion to Dismiss.

¶13    The second step to analyzing personal jurisdiction is that the plaintiff must make a prima facie showing that the defendant's due process rights would not be violated by being hauled into court in the Virgin Islands. However, since Pollins did not satisfy the first step by adequately establishing jurisdictional facts through sworn affidavits or other competent evidence, the Court need not address the second step of the analysis.

## CONCLUSION

¶14    Based upon this Court's review of the pleadings, the Court concludes that the Plaintiff did not substantiate her assertions that the Court has personal jurisdiction over Feuerstein with affidavits or other competent evidence as is required by the standard when responding to the defendant's raised issue of personal jurisdiction. Accordingly, it is hereby

**ORDERED** that Defendants' November 26, 2018 Motion to Recuse and Disqualify Plaintiff's Counsel, Dismiss the Plaintiff's Complaint and Quash Service, Dismiss for Lack of Jurisdiction, Failure to State a Claim Upon Which Relief May Be Granted, and The failure to Join Required Parties, and Other Specified Relief is **GRANTED** only with respect to the Motion to Dismiss for Lack of Jurisdiction; and it is further

**ORDERED** that the above captioned action is **DISMISSED with prejudice**; and it is further

**ORDERED** that Defendants' Motion to Dismiss for Insufficient Service of Process, Motion to Dismiss for Failure to Serve Summons, Motion to Dismiss for Failure to State a Claim, Motion to Dismiss for Failure to Join Required Parties, Motion to Dismiss Amended Complaint, Motion to Recuse and Disqualify Attorney Karin Bentz, Motion for More Definite Statements, and Motion for Sealing of Confidential Exhibits are **DENIED** as **MOOT**; and it is further

**ORDERED** that this Memorandum Opinion and Order shall be directed to counsel of record.

DATE: 3|12|2020

ATTEST:
**Tamara Charles**
**Clerk of the Court**
**By:**
**Lori Boynes-Tyson**
**Chief Deputy Clerk** 3 /13 2020

**DENISE M. FRANCOIS**
Judge of the Superior Court
of the Virgin Islands